# *Exhibit A*

Case 10-17015-bam    Doc 4-1    Entered 04/21/10 13:24:34    Page 1 of 7

DEANNA L. FORBUSH, ESQ.
Nevada Bar No. 6646
HAL L. BAUME, ESQ.
(Pro Hac Vice admission pending)
FOX ROTHSCHILD LLP
3800 Howard Hughes Pkwy; Ste. 500
Las Vegas, NV 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: dforbush@foxrothschild.com
       hbaume@foxrothschild.com
*[Proposed] Counsel for FX Luxury Las Vegas I, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FX LUXURY LAS VEGAS I, LLC, a Nevada limited liability company,<br><br>Debtor. | Case No.   BK-S-10-17015 (BAM)<br><br>Chapter 11<br><br>**ORDER (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES PROVIDERS; (3) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>**Hearing Date:   [INSERT]**<br>**Hearing Time:  [INSERT]** |

The Court, having reviewed and considered the Motion for Order (1) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course

1

VG1 35700v2 04/20/10

Payments to Utilities Providers; (3) Deeming Utility Providers Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Motion")[1] and the Omnibus Declaration of Mitchell J. Nelson Filed in Support of First Day Motions (the "Omnibus Declaration"), filed by FX Luxury Las Vegas I, LLC ("Debtor"), a Nevada limited liability company, debtor and debtor-in-possession in the above-captioned case (the "Chapter 11 Case"); all pleadings and evidence submitted in connection with the Motion; and the oral arguments made at the hearing held on April ___, 2010; with appearances as noted in the record; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334; it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); notice of the Motion being good and sufficient and appropriate under the circumstances; and for good cause appearing,

**IT IS HEREBY ORDERED,** as to Debtor's existing accounts, that:

1. The Motion is GRANTED;

2. The utility providers (the "Utility Providers"), as listed on Exhibit 6 attached to the Omnibus Declaration, are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of pre-petition invoices;

3. Debtor is authorized to (a) deposit sums equal to 50% of Debtor's estimated monthly costs for utility services for each of the Utility Providers (each sum, a "Utility Deposit"), based upon an average of Debtor's monthly costs for the twelve (12) months immediately preceding the Petition Date, into an interest-bearing, segregated account within ten (10) business days of entry of this Order; and, (b) pay in the ordinary course of business amounts due to the Utility Providers arising from current and post-petition invoices, including amounts for Utility Services (as defined in the Motion) provided to Debtor pre-petition (the "Ordinary Course Payments," and together with the Utility Deposits, the "Adequate Assurance Payments");

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Motion.

2

VG1 35700v2 04/20/10

1     4.    Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

    5.    If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

    5.1.    If a Utility Provider requests additional adequate assurance within twenty (20) days from the date of entry of an Order approving this Motion, the Utility Provider must serve a written objection (the "<u>Objection</u>") upon Debtor setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of Debtor's payment history on each account, an explanation as to why the Utility Deposit is not adequate assurance of payment, and a request (the "<u>Request</u>") detailing specifically what additional adequate assurance the Utility Provider requires.

    5.2.    The Request must be actually received by Debtor's counsel within twenty (20) days from the date of entry of this Order.

    5.3.    Without further Order of the Court, Debtor may enter into an agreement granting additional adequate assurance to any Utility Provider serving a timely Request, if Debtors, in their discretion, determine that the Request is reasonable.

    5.4.    If a Utility Provider requests additional adequate assurance by timely filing and serving an Objection and Debtor believes such Objection is unreasonable, Debtor shall, within ten (10) days after the Request Deadline file a motion for determination of adequate assurance of payment and set such motion for hearing. The Utility Provider seeking the Request for additional adequate assurance shall be deemed to have adequate assurance of payment until the Court makes a final ruling on Debtor's motion for determination, and the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor until such ruling.

    6.    The Utility Provider shall return the Utility Deposit within ten (10) business days to either (a) in the event of a sale of substantially all of the assets, to First Lien Lender's Agent, within

3

VG1 35700v2 04/20/10

ten (10) business days of the closing of such sale, or (b) if there is no auction, then to New Borrower within ten (10) business days of the Effective Date of the Plan.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

7. Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations;

8. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the utility provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

9. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding anything herein contained to the contrary, no provision of this Order shall be deemed to supersede any provision contained in the Interim Cash Collateral Order or the Final Cash Collateral Order. To the extent any provision of this Order and any provision contained in the Interim Cash Collateral Order or the Final Cash Collateral Order are inconsistent, the provisions of the Interim Cash Collateral Order or the Final Cash Collateral Order, as applicable, shall govern. Without limiting the generality of the foregoing, nothing contained herein shall be construed to authorize any payment or distribution by the Debtor unless such payment or distribution shall be permitted under the Interim Cash Collateral Order, the Final Cash Collateral Order, a plan of reorganization confirmed by this Court, or any other final order entered by this Court.

VG1 35700v2 04/20/10

13. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

15. Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or inter-company transfer requests issued by the Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or inter-company requests where such method of payment has been dishonored.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By_____
  DEANNA L. FORBUSH, ESQ.
  Nevada Bar No. 6646
  HAL L. BAUME, ESQ.
  (Pro Hac Vice admission pending)
  3800 Howard Hughes Pkwy; Ste. 500
  Las Vegas, NV 89169
  *[Proposed] Counsel for FX Luxury Las Vegas I, LLC*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    [INSERT APPLICABLE NAME]
    300 Las Vegas Boulevard, Suite 4300
    Las Vegas, Nevada 89101

5

VG1 35700v2 04/20/10

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval under LR 9021.

☐ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☒ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

   Approved / Disapproved

☐ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

# # #

6

VG1 35700v2 04/20/10