HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
       baxelrod@foxrothschild.com
       aloraditch@foxrothschild.com
*Counsel for FX Luxury Las Vegas, I LLC*

Electronically Filed October 26, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FX LUXURY LAS VEGAS I, LLC,<br>a Nevada limited liability company,<br><br>Debtor. | Case No. BK-S-10-17015-BAM<br><br>Chapter 11<br><br>**NOTICE OF ENTRY OF SECOND STIPULATION AND ORDER FOR CONTINUING RELIEF GRANTED UNDER SECOND AMENDED INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION** |

**PLEASE TAKE NOTICE** that on the 26th day of October 2010, the Court entered a Second Stipulation and Order for Continuing Relief Granted Under Second Amended Interim Order Pursuant to 11 U.S.C. Section 105, 361, 362 and 363 and Fed R. Bankr. P.2002, 4001 and 9014(I) Authorizing

///

///

///

///

1

VG1 56460v1 10/26/10

the Debtor to use Cash Collateral and (II) Granting Adequate Protection [Docket No. 642], a copy of which is attached hereto.

DATED this 26th day of October 2010.

**FOX ROTHSCHILD LLP**

By */s/Anne M. Loraditch*
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
*Counsel for FX Luxury Las Vegas I, LLC*

**Entered on Docket
October 26, 2010**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
       baxelrod@foxrothschild.com
       aloraditch@foxrothschild.com
*Counsel for FX Luxury Las Vegas, I LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FX LUXURY LAS VEGAS I, LLC,<br>a Nevada limited liability company,<br><br>Debtor. | Case No. BK-10-17015-BAM<br><br>Chapter 11<br><br>**SECOND STIPULATION AND ORDER FOR CONTINUING RELIEF GRANTED UNDER SECOND AMENDED INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION** |

Upon the consent of FX Luxury Las Vegas I, LLC, a Nevada limited liability company, ("Debtor"), the debtor and debtor-in-possession in the above captioned chapter 11 case, Landesbank Baden-Württemberg, New York Branch, as successor administrative and collateral agent ("First Lien

*LV1 1253859v4 10/25/10*                                              1

Agent"), on behalf of the first lien lenders; and NexBank, SSB, as successor administrative and collateral agent ("Second Lien Agent"), on behalf of the second lien lenders hereby enter this Second Stipulation And Order For Continuing Relief Granted Under Second Amended Interim Order Pursuant To 11 U.S.C. §§ 105, 361, 362 and 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing The Debtor To Use Cash Collateral, and (II) Granting Adequate Protection ("Stipulation") and hereby agree as follows:[1]

**IT IS HEREBY STIPULATED BY THE UNDERSIGNED PARTIES THAT** Debtor may have further continued relief and use of Cash Collateral through November 23, 2010, as set forth in the Second Amended Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing the Debtor to Use Cash Collateral and (II) Granting Adequate Protection entered by the Court on August 23, 2010 [Docket No. 519] (as amended, modified or supplemented or as may be further amended, modified or supplemented (the "Second Amended Interim Cash Collateral Order"), pursuant to the budget attached thereto as Exhibit 1, as modified by the budget attached hereto as Exhibit A, subject to the following modifications:

1. The budget attached as Exhibit 1 to the Second Amended Interim Cash Collateral Order shall be, and is hereby, modified to include the budget attached hereto as Exhibit A, which taken together shall constitute the "Budget," as referred to in the Second Amended Interim Cash Collateral Order.

2. Debtor's authority to use Cash Collateral shall continue after October 21, 2010, and shall terminate on November 23, 2010, unless continued by consent of Debtor, First Lien Agent, and Second Lien Agent, or by order of the Court. The Second Amended Interim Cash Collateral Order shall be, and is hereby, modified to provide that the Debtor is authorized to use Cash Collateral through the date of November 23, 2010, in accordance with, and subject to the terms and conditions of, the Second Amended Interim Cash Collateral Order, as modified as set forth herein.

///

---

[1] Capitalized terms used, but not defined herein shall have the meanings ascribed to such terms in the Second Amended Interim Cash Collateral Order, or the Plan (as applicable).

LV1 1253859v4 10/25/10         2

3. Except as expressly modified as set forth herein, all of the terms and provisions of the Second Amended Interim Cash Collateral Order shall be, and do hereby remain, in full force and effect.

4. The Debtor reserves its rights to seek non-consensual use of Cash Collateral, and First Lien Agent and the Second Lien Agent each reserves its rights to object to same.

**IT IS HEREBY FURTHER STIPULATED BY THE UNDERSIGNED PARTIES THAT** Debtor's continued use of Cash Collateral through November 23, 2010, pursuant to the terms of the Second Amended Interim Cash Collateral Order as modified by this Stipulation, is further subject to the following terms and conditions:

1. <u>Fee Cap</u>.

   a) As set forth in the Budget, the total amount budgeted for payment of the fees and costs of all of the Debtor's Professionals (the "Professionals") for the period of July 22, 2010, through November 23, 2010 (the "<u>Second Fee Cap Period</u>"), shall be $425,000.00 ("<u>Second Fee Cap</u>") with no permitted variance, except as otherwise set forth in this Stipulation.[2] The Second Fee Cap will be inclusive of unpaid holdbacks for fees and costs for the Second Fee Cap Period.

   b) The Debtor and the undersigned Professionals agree that the Second Fee Cap represents not only a limit on use of Cash Collateral but also a limit of administration fees for Professionals for the Second Fee Cap Period that must be paid to allow confirmation of the Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010 [Docket No. 601-1] (as may hereafter be amended or modified, the "<u>Plan</u>"), filed on October 12, 2010, by the Backstop Investors. The Debtor and the undersigned Professionals agree that they will not object to the Plan on the basis that payment to the Professionals of administration fees in excess of the Second Fee Cap, subject to

---

[2] The Second Fee Cap and the Second Fee Cap Period shall be deemed to include the period of November 24, 2010, through the earlier of (i) the Effective Date of the Plan; or (ii) December 15, 2010 ("<u>Extended Second Fee Cap Period</u>"), conditioned upon the order confirming the Plan having been entered prior to November 22, 2010 (and subject to all other assumptions detailed herein, it being the intent and understanding of the parties that there will be no further material work required by the Debtor and its Professionals after confirmation). ***The Second Fee Cap Period shall be extended to the Extended Second Fee Cap Period only to the extent that any work requested of the Debtor or otherwise reasonably required of the Debtor and/or its Professionals during the Extended Second Fee Cap Period shall not exceed 10 hours of Professional time.***

increase pursuant to section 2 entitled "Reservation for Unanticipated Matters" set forth in this Stipulation below, is required to confirm the Plan. The Second Fee Cap shall not limit payment of unpaid holdbacks or unpaid fees and costs of Professionals for the period April 21, 2010 through July 21, 2010, which are subject only to limitation by the Fee Cap of $1,250,000 for all fees and costs of Professionals for the period of April 21, 2010 through July 21, 2010.

  c)   In addition to the foregoing, Fox Rothschild will reduce its fees and costs request for the month of September 2010 by $20,000.00 from approximately $99,805.00 to approximately $79,805.00.

  2.   <u>Reservation for Unanticipated Matters</u>. Subject to all of the terms and conditions set forth in this Stipulation, the Debtor and its Professionals shall not seek allowance of fees and costs for Professionals for the Second Fee Cap Period, in excess of the Second Fee Cap, subject to their right to request an increase, to be resolved by the Court if necessary, in the event there is material unanticipated litigation or other reasonably unanticipated developments in the case that would require additional work from the Professionals.

  3.   <u>Greenberg Traurig ("GT")</u>.

  a)   The allowed fees and costs of GT shall not be paid until the earlier of (i) December 15, 2010; or (ii) the Effective Date of the Plan.

  b)   GT will not provide any further services or engage in any further work after the date hereof unless: (i) requested to do so by the First Lien Agent/First Lien Lenders; (ii) such services are in connection with allowance of their fees and expenses; or (iii) the Debtor asks GT to perform real estate services after Debtor has a reasonable consultation with First Lien Agent, through respective counsel, before requesting GT to perform such services.

  4.   <u>Assumptions and Understandings</u>. The agreement of the Debtor and the Professionals to the Second Fee Cap under the terms and conditions as set forth in this Stipulation is based and conditioned upon the assumptions and understanding that: (i) the Confirmation Hearing on the Plan begins on or around November 8, 2010, and will take not more than two Court days; (ii) Confirmation of the Plan will not be contested, or if contested by another party in interest, will not require the Debtor and/or the Professionals to take any actions in response to same; (iii) the Professionals' fee applications,

*LV1 1253859v4 10/25/10*        4

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

to the extent in compliance with the terms of this Stipulation, will not be contested by any, some or all of the First Lien Lenders, First Lien Agent, Second Lien Lenders, Second Lien Agent and Backstop Investors; (iv) Debtor and the Professionals will not be responsible for challenging any administrative, priority or general unsecured claims and their only role shall be to provide information to the Backstop Investors with respect to same; (v) Debtor and the Professionals will not be responsible for any actions or litigation required or desired by First Lien Lenders, First Lien Agent, Second Lien Lenders, Second Lien Agent or Backstop Investors with respect to assuming or rejecting any unexpired leases or executory contracts, disputes over cure amounts, etc, other than to provide the Backstop Investors and/or the reorganized debtor with information from Debtor's books and records; (vi) there will be no material services provided by GT in connection with the real estate transactions to consummate the Plan; (vii) GT's present fee application for $92,825.00 is covered under the Fee Cap of $1,250,000.00 for the period of April 21, 2010, through July 21, 2010; (viii) a reasonably cost effective negotiation and preparation of a stipulation to extend use of Cash Collateral pursuant to the terms set forth in this Stipulation for which the fees to be incurred should not be substantial; (ix) the Backstop Investors and/or the reorganized debtor will budget and fund payment of the post-Effective Date fees and costs of the Professionals in an amount not more than $25,000.00; and (x) there will be no material work required by the Debtor and of its Professionals after confirmation of the Plan and that any work requested of or otherwise reasonably required to be performed by the Debtor and/or its Professionals during the Extended Second Fee Cap Period shall not exceed 10 hours of Professional time. The agreement of the First Lien Agent and Second Lien Agent to consent to continued use of Cash Collateral under the terms and conditions set forth in this Stipulation is based and conditioned upon the assumption and understanding that the Debtor and the Professionals will not contest Confirmation of the Plan.

///

///

///

///

///

*LV1 1253859v4 10/25/10*      5

1 DATED this 26th day of October 2010.

2 Prepared and respectfully submitted by:

3 **FOX ROTHSCHILD LLP**

4 By  *s/ Hal L. Baume*
    HAL L. BAUME, ESQ.
5   *Admitted Pro Hac Vice*
    BRETT AXELROD, ESQ.
6   Nevada Bar No. 5859
7   ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
8   3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
9  *Counsel for FX Luxury Las Vegas I, LLC*

10

11 **APPROVED**/DISAPPROVED:                **APPROVED**/DISAPPROVED:

12 **SHEARMAN & STERLING, LLP**              **HAYNES & BOONE, LLP**

13
   By  *s/ Andrew Tenzer*                    By  *s/ Jonathan Hook*
14    Andrew Tenzer, Esq.                       Lenard M. Parkins, Esq.
      Randall Martin, Esq.                      Jonathan Hook, Esq.
15    1221 Avenue of the Americas               1221 Avenue of the Americas
      New York, New York 10020                  New York, New York 10020
16           and                                        and
17 **LIONEL, SAWYER & COLLINS**              **KOLESAR & LEATHAM, CHTD.**
   Rod Jean, Esq.                             Nile Leatham, Esq.
18 Susan Myers, Esq.                          Natalie Cox, Esq.
   300 South 4th Street, Suite 1700           3320 West Sahara, Suite 380
19 Las Vegas, Nevada 89101                    Las Vegas, Nevada 89102

20
   *Counsel for Landesbank Baden-Württemberg,*  *Counsel for NexBank, SSB, Second Lien Agent*
21 *New York Branch, First Lien Agent*

22

23                         **ORDER**

24         It is so **ORDERED.**

25                          # # #

26

27

28

*LV1 1253859v4 10/25/10*                    6

# EXHIBIT A

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

*LV1 1253859v4 10/25/10*

7

**FX Luxury**
**Operating Budget for the Proposed Bankruptcy Period**                                                                 103
**July 22, 2010 - November 30, 2010**

| Category | Description | Month Days | July 2010 22nd - 31st | August 2010 1st - 31st | September 2010 1st - 30th | October 2010 1st - 31st | November 2010 1st - 30th | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | Total Tenant Revenue | $ | 387,097 | $ 1,200,000 | $ 1,200,000 | $ 1,200,000 | $ 1,200,000 | $ 5,187,097 |
| Commissions | Broker Commissions | $ | 3,226 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 43,226 |
| | Total Commissions | $ | 3,226 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 43,226 |
| Utilities | Water | $ | 2,581 | $ 8,000 | $ 8,000 | $ 8,000 | $ 8,000 | $ 34,581 |
| | Gas | $ | 48 | $ 175 | $ 220 | $ 280 | $ 780 | $ 1,503 |
| | Electricity | $ | 9,032 | $ 28,000 | $ 28,000 | $ 28,000 | $ 28,000 | $ 121,032 |
| | Sewer | $ | 9,194 | $ - | $ - | $ 28,500 | $ - | $ 37,694 |
| | Total Utilities | $ | 20,855 | $ 36,175 | $ 36,220 | $ 64,780 | $ 36,780 | $ 194,810 |
| Legal Fees | Legal Fees (Ordinary Course Counsel) | $ | 4,839 | $ 15,000 | $ 15,000 | $ 15,000 | $ 15,000 | $ 64,839 |
| | Receiver fees [A] | $ | 1,613 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 21,613 |
| | Total Legal Fees/Receiver Fees | $ | 6,452 | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 86,452 |
| General & Administrative | Bank Charges | $ | 32 | $ 100 | $ 100 | $ 100 | $ 100 | $ 432 |
| | Miscellaneous Expense | $ | 32 | $ 100 | $ 100 | $ 100 | $ 100 | $ 432 |
| | Office Expense | $ | 1,935 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 25,935 |
| | Rent - Office | $ | - | $ 2,210 | $ 2,210 | $ 2,210 | $ 2,210 | $ 8,840 |
| | Other | $ | 81 | $ 250 | $ 250 | $ 250 | $ 250 | $ 1,081 |
| | Postage/Freight/Messenger | $ | 81 | $ 250 | $ 250 | $ 250 | $ 250 | $ 1,081 |
| | Salary/Wage/Benefits | $ | 14,258 | $ 44,200 | $ 44,200 | $ 44,200 | $ 44,200 | $ 191,058 |
| | Telephone | $ | 387 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 5,187 |
| | Total General & Administrative | $ | 16,806 | $ 54,310 | $ 54,310 | $ 54,310 | $ 54,310 | $ 234,046 |
| Operating Expenses | Fire Protection | $ | 484 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 6,484 |
| | Janitorial/Porter Services | $ | 8,871 | $ 27,500 | $ 27,500 | $ 27,500 | $ 27,500 | $ 118,871 |
| | Janitorial Supplies | $ | 1,613 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 21,613 |
| | Landscape Maintenance | $ | 1,613 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 21,613 |
| | Landscape Repair | $ | 161 | $ 500 | $ 500 | $ 500 | $ 500 | $ 2,161 |
| | Landscape Supplies | $ | 161 | $ 500 | $ 500 | $ 500 | $ 500 | $ 2,161 |
| | Elevator/Escalator | $ | 806 | $ 10,721 | $ 2,500 | $ 2,500 | $ 10,721 | $ 27,248 |
| | Entertainment | $ | 10,161 | $ 31,500 | $ 31,500 | $ 31,500 | $ 31,500 | $ 136,161 |
| | Pest Control | $ | 145 | $ 450 | $ 450 | $ 450 | $ 450 | $ 1,945 |
| | Rental Modulars | $ | 3,283 | $ 10,176 | $ 10,176 | $ 10,176 | $ 10,176 | $ 43,987 |
| | Repairs & Maintenance | $ | 11,290 | $ 35,000 | $ 35,000 | $ 35,000 | $ 35,000 | $ 151,290 |
| | Security | $ | 20,968 | $ 65,000 | $ 65,000 | $ 65,000 | $ 65,000 | $ 280,968 |
| | Signage | $ | 4,758 | $ 14,750 | $ 14,750 | $ 2,500 | $ 2,500 | $ 39,258 |
| | Trash Removal | $ | 7,742 | $ 5,000 | $ 5,000 | $ 25,000 | $ 5,000 | $ 47,742 |
| | Total Operating Expenses | $ | 72,057 | $ 212,597 | $ 204,376 | $ 212,126 | $ 200,347 | $ 901,503 |
| Professional Fees / Other | Consulting Fees | $ | - | $ - | $ - | $ - | $ - | $ - |
| | Accounting Fees | $ | - | $ - | $ - | $ - | $ - | $ - |
| | Licenses & Permits | $ | 2,419 | $ 500 | $ 500 | $ 7,500 | $ 500 | $ 11,419 |
| | Total Professional Fees/Other | $ | 2,419 | $ 500 | $ 500 | $ 7,500 | $ 500 | $ 11,419 |
| Insurance | Liability Insurance | $ | - | $ 67,500 | $ - | $ - | $ - | $ 67,500 |
| | Total Insurance | $ | - | $ 67,500 | $ - | $ - | $ - | $ 67,500 |
| Real Estate Taxes & Assessments | Real Estate Taxes [B] | $ | - | $ 452,000 | $ 452,000 | $ - | $ - | $ 904,000 |
| | Special Assessment Taxes | $ | - | $ 12,500 | $ 9,000 | $ - | $ 9,000 | $ 30,500 |
| | Total Real Estate Taxes & Assessments | $ | - | $ 464,500 | $ 461,000 | $ - | $ 9,000 | $ 934,500 |
| Property Management | Property Management | $ | 9,145 | $ 28,350 | $ 28,350 | $ 28,350 | $ 28,350 | $ 122,545 |
| | Total Property Management | $ | 9,145 | $ 28,350 | $ 28,350 | $ 28,350 | $ 28,350 | $ 122,545 |
| Capital Development | Capital / Working Capital | $ | 3,226 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 43,226 |
| | Total Cash Expenses | $ | 134,186 | $ 903,932 | $ 824,756 | $ 407,066 | $ 369,287 | $ 1,038,118 |
| Totals | Revenue (from line 6) | $ | 387,097 | $ 1,200,000 | $ 1,200,000 | $ 1,200,000 | $ 1,200,000 | $ 5,187,097 |
| | Tenant Operating, G&A, and Other Expenses (from line 56) | $ | 134,186 | $ 903,932 | $ 824,756 | $ 407,066 | $ 369,287 | $ 2,639,227 |
| | Net Operating Cash | $ | 252,911 | $ 296,068 | $ 375,244 | $ 792,934 | $ 830,713 | $ 2,547,870 |
| BK Expenses | Utility Deposits | $ | - | $ - | $ - | $ - | $ - | $ - |
| | Trustee Fees | $ | 10,400 | $ - | $ - | $ 10,400 | $ - | $ 20,800 |
| | Lender BK Expenses | $ | - | $ 125,000 | $ 125,000 | $ 125,000 | $ 125,000 | $ 500,000 |
| | Borrower BK Expense [D] | $ | - | $ 80,000 | $ 100,000 | $ 80,000 | $ 125,000 | $ 385,000 |
| | General Administrative Expense [C][D] | $ | - | $ - | $ 20,000 | $ 20,000 | $ - | $ 40,000 |
| | Sales Program | $ | - | $ - | $ - | $ - | $ - | $ - |
| | Total BK Expenses | $ | 10,400 | $ 205,000 | $ 245,000 | $ 235,400 | $ 250,000 | $ 945,800 |
| | Total Operating Cash Net of BK Expenses | $ | 242,511 | $ 91,068 | $ 130,244 | $ 557,534 | $ 580,713 | $ 1,602,070 |

**Footnote (A)** Receiver fees are budgeted through November. The October payment exceeds the existing CAP of $30,000, so the payment of the October and November installment is contingent on requisite approval of budget

**Footnote (B)** The Real Estate Tax amounts have been revised to reflect the actual property tax statements received in July 2010.

**Footnote (C)** General and Administrative expense comprises the aggregate amount of $40,000 for appraisal fees (H. Kent) and consulting fees (Sierra Consulting) with any unused balance remaining after all payments to H. Kent and Sierra Consulting therefrom to be added to the amounts budgeted for Borrower BK Expenses and increase same accordingly.

**Footnote (D)** The amounts payable in connection with Borrower BK Expenses (Borrower's Professional Fees) and General Administrative Expense (H. Kent and Sierra Consulting fees) for services rendered on and after July 22, 2010 shall not be subject to increase as a Permitted Variance. Notwithstanding the sums set forth each month in the Budget, the aggregate sum of $385,000 for Borrower BK Expenses (Borrower's Professional Fees) and, in addition thereto, the sum of $40,000 for General Administrative Expense (H. Kent and Sierra Consulting fees) are for the period of 7/22/10 through 11/23/10 for services rendered on and after 7/22/10 through 11/23/10 and shall be funded upon First Lien Agent's receipt of an invoice therefore and paid pusuant to the Interim Compensation Order regardless of when (i) such services were rendered during that time period and (ii) payments are actually authorized by the Court. Any unused balance budgeted in the General and Administrative Expense which remains after all payments to H. Kent and Sierra Consulting therefrom, shall be added to amounts budgeted for Borrower BK Expenses and increase same accordingly.