NILE LEATHAM, ESQ.
Nevada Bar No. 002838
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
**KOLESAR & LEATHAM, CHTD.**
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102-3202
Telephone No. (702) 362-7800
Facsimile No. (702) 362-9472
E-Mail:  nleatham@klnevada.com
          ncox@klnevada.com

Attorneys for
**FIVE MILE CAPITAL POOLING
INTERNATIONAL LLC; SPECTRUM
INVESTMENT PARTNERS, L.P.; &
TRANSAMERICA LIFE INSURANCE
COMPANY**

LENARD M. PARKINS, ESQ. (*PRO HAC VICE*)
HENRY FLORES, ESQ. (*PRO HAC VICE*)
TREVOR R. HOFFMANN, ESQ. (*PRO HAC VICE*)
JONATHAN HOOK, ESQ. (*PRO HAC VICE*)
**HAYNES AND BOONE, LLP**
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
Telephone No. (212) 659-7300
Facsimile No. (212) 884-8226
E-Mail:  lenard.parkins@haynesboone.com
          henry.flores@haynesboone.com
          trevor.hoffmann@haynesboone.com
          jonathan.hook@haynesboone.com

Attorneys for
**FIVE MILE CAPITAL POOLING
INTERNATIONAL LLC; SPECTRUM
INVESTMENT PARTNERS, L.P.; &
TRANSAMERICA LIFE INSURANCE
COMPANY**

LEE I. IGLODY, ESQ.
Nevada Bar No. 007757
**THE LAW OFFICES OF PARAS B. BARNETT,
P.L.L.C.**
9555 S. Eastern Avenue, Suite 280
Las Vegas, Nevada 89123
Telephone No. (702) 425-5366
Facsimile No. (702) 446-5148
E-Mail:  lee@iglody.com
          pbb@pbarnettlaw.com

Attorneys for
**THE HUFF ALTERNATIVE FUND, L.P.
AND THE HUFF ALTERNATIVE
PARALLEL FUND, L.P.**

JOSHUA J. ANGEL, ESQ. (*PRO HAC VICE*)
ANDREW C. GOLD, ESQ. (*PRO HAC VICE*)
FREDERICK E. SCHMIDT, JR., ESQ. (*PRO HAC VICE*)
**HERRICK, FEINSTEIN LLP**
2 Park Avenue
New York, New York 10016
Telephone No. (212) 592-1400
Facsimile No. (212) 592-1500
E-Mail:  jangle@herrick.com
          agold@herrick.com
          eschmidt@herrick.com

Attorneys for
**THE HUFF ALTERNATIVE FUND, L.P.
AND THE HUFF ALTERNATIVE
PARALLEL FUND, L.P.**

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FX LUXURY LAS VEGAS I, LLC, a<br>Nevada limited liability company,<br><br>               Debtor. | Case No.  BK-S-10-17015-bam<br><br>Chapter 11<br><br>Hearing Date:  November 8, 2010<br>Hearing Time: 9:00 a.m. (prevailing Pacific) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FINALLY
APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT IN SUPPORT
OF THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED**

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

**OCTOBER 12, 2010 AND CONFIRMING THE THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 12, 2010**

FX Luxury Las Vegas I, LLC (the "Debtor") having filed its voluntary petition for relief[1] under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the Chapter 11 Case, [2] and the Backstop Investors having filed the *Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (as amended, supplemented or otherwise modified the "Plan"),[3] together with the *Second Amended Disclosure Statement in Support of Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (as amended, supplemented or otherwise modified the "Disclosure Statement"),[4] and *Ex Parte Motion of the Backstop Investors for Order Conditionally Approving Disclosure Statement and Setting Combined Confirmation and Disclosure Statement Hearing* (the "Ex-Parte Motion")[5] and the *Motion of the Backstop Investors for Entry of an Order (A) Approving Solicitation Procedures; (B) Approving Forms of Ballots and Noticing Procedures; and (C) Scheduling Certain Dates With Respect Thereto* (the "Solicitation Procedures Motion")[6] seeking, among other things, a combined hearing on final approval of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Hearing") and setting the deadline for voting (the "Voting Deadline") and objections to the Plan and Disclosure Statement (the "Objection Deadline"); and the Bankruptcy Court having conditionally approved the Disclosure Statement[7] and approved the solicitation procedures proposed by the Backstop Investors (the "Solicitation Procedures Order")[8] and having set the date of the Confirmation Hearing for November 8, 2010 and having set the Voting Deadline and the Objection Deadline for October 27, 2010; and the Backstop

---

[1] Docket No. 1.
[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Plan.
[3] Docket No. 601.
[4] Docket No. 602.
[5] Docket No. 603.
[6] Docket No. 604.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

Investors having properly solicited votes in accordance with the Solicitation Procedures Order of

the Holders of Claims and Interests entitled to vote on the Plan; and due notice of (i) the

conditional approval of the Disclosure Statement, (ii) entry of the Solicitation Procedures Order,

(iii) the Confirmation Hearing, (iv) the Voting Deadline and (v) the Objection Deadline having

been provided to Holders of Claims against, and Interests in, the Debtor and other parties-in-

interest in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of the

United States Bankruptcy Court District of Nevada (the "Local Rules"); and such notice being

sufficient under the circumstances and no other or further notice being required; and no

objections having been filed to the Plan or Disclosure Statement by the Voting Deadline; and the

Backstop Investors having filed and served the *Plan Supplement to Third Amended Chapter 11

Plan of Reorganization Dated October 12, 2010* (the "Plan Supplement")[9] on October 22, 2010

and the *First Supplement to Plan Supplement to Third Amended Chapter 11 Plan of

Reorganization Dated October 12, 2010* (the "First Supplement to Plan Supplement")[10] on

November 4, 2010 in accordance with the provisions of the Plan and the Solicitation Procedures

Order; and such filing, service and notice thereof being sufficient under the circumstances and no

further notice being required; and the Bankruptcy Court having reviewed and considered the (i)

*Memorandum of Law in Support of (I) Final Approval of the Second Amended Disclosure

Statement for Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010 and

(II) Confirmation of the Third Amended Chapter 11 Plan of Reorganization Dated October 12,

2010* (the "Confirmation Memorandum");[11] (ii) *the Declaration of Lenard M. Parkins in Support*

---

[7] Docket No. 608.
[8] Docket No. 604.
[9] Docket No. 637.
[10] Docket No. 655.
[11] Docket No. 657.

*of (I) Final Approval of the Second Amended Disclosure Statement for Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010 and (II) Confirmation of the Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (the "<u>Parkins Declaration</u>"); (iii) the *Declaration of Christopher K. Wu, Managing Director of Carl Marks Advisory Group LLC, in Support of Confirmation of the Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (the "<u>Wu Declaration</u>"); (iv) the *Declaration of Paul D. Motta, President of Leasing With Urban Retail Properties, LLC, in Support of Confirmation of the Third Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (the "<u>Motta Declaration</u>"); (v) the *Certification of Acceptance of Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (the "<u>Ballot Summary</u>");[12] and (vi) the *Declaration of Jonathan Hook in Support of the Certification of Acceptance of Amended Chapter 11 Plan of Reorganization Dated October 12, 2010* (the "<u>Hook Declaration</u>"); and the Bankruptcy Court having reviewed and considered, together with all exhibits and attachments thereto, the Disclosure Statement, the Plan, the Plan Supplement, the Supplement to the Plan Supplement and the Solicitation Procedures Order; and the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing, and the Bankruptcy Court having admitted into evidence the testimony included in the declarations filed and other testimony and the exhibits admitted into evidence; and upon all of the proceedings had before the Bankruptcy Court in the Chapter 11 Case and the Adversary Proceeding and upon the entire record of the Confirmation Hearing; and based upon all of the foregoing, the Bankruptcy Court having determined that the Disclosure Statement should be finally approved and that the Plan should be confirmed, as reflected by the Bankruptcy Court's rulings made herein and on the record of the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefore,

---

[12] Docket No. 656.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

IT IS HEREBY FOUND AND DETERMINED by the Bankruptcy Court (together with the findings of fact and conclusions of law made on the record at the Confirmation Hearing) that:

A.      The Bankruptcy Court relies upon and takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the docket maintained for the Chapter 11 Case and the Adversary Proceeding, including, without limitation, all filed pleadings and declarations, all entered orders, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case and Adversary Proceeding, including at the Confirmation Hearing.

B.      The argument, declarations and other evidence introduced by the Backstop Investors at the Confirmation Hearing was unrebutted or otherwise uncontested.

C.      The Bankruptcy Court further relies upon and incorporates herein the argument, authorities and legal analysis set forth in the Confirmation Memorandum.

D.      The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding in which the Bankruptcy Court may enter a final order in accordance with 28 U.S.C. § 157(b)(2).  Venue of the Chapter 11 Case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The Disclosure Statement contains "adequate information" as defined in Bankruptcy Code section 1125(a) and therefore complies with the requirements of Bankruptcy Code section 1125.

F.      The Backstop Investors' solicitation of votes on the Plan was in accordance with the Bankruptcy Court's Solicitation Procedures Order and complied with all applicable laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

Bankruptcy Code section 1125(a).  Therefore, the solicitation of the Plan votes complied with the requirements of Bankruptcy Code section 1126(b)

G.     The Plan complies with the requirements of Bankruptcy Code section 1129(a)(1), including the requirements of Bankruptcy Code sections 1122 and 1123.

H.     The classification and treatment of Classes satisfies the requirements of Bankruptcy Code section 1122.

I.     The Backstop Investors, as plan proponents, have complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and orders of the Bankruptcy Court with respect to the Plan.  Specifically:  (i) good, timely and adequate notice of the Confirmation Hearing has been given to Holders of Claims and Interests and to other parties-in-interest to whom notice is required to be given in accordance with the Solicitation Procedures Order; (ii) the solicitation of the Plan votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and all other rules, laws and regulations, and such solicitation was conducted after disclosure of "adequate information" as defined in Bankruptcy Code section 1125; (iii) Ballots of Holders of Claims and Interests entitled to vote on the Plan were properly solicited and tabulated in accordance with the Solicitation Procedures Order; and (iv) Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Claims or Interests in classes entitled to vote under the Plan (*i.e.*, in Classes 3, 5 and 6), to the extent applicable, have accepted the Plan.  Therefore, the Backstop Investors have satisfied the requirements of Bankruptcy Code section 1129(a)(2), including, but not limited to, the requirements set forth in Bankruptcy Code sections 1125 and 1126.

J.     The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, as evidenced by, among other

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

things, the totality of the circumstances surrounding the formulation of the Plan and the record of the Chapter 11 Case and the Adversary Proceeding. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(3).

K.      The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(4). Payments made or to be made by the Debtor for services or for costs and expenses in or connected with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been disclosed to the Bankruptcy Court and have been approved by or are subject to the approval of the Bankruptcy Court as reasonably required. In addition, the Backstop Investors have provided a detailed summary of their expenses related to the Chapter 11 Case and the Plan.

L.      The Backstop Investors have disclosed the identity and affiliations of individuals proposed to serve, after confirmation of the Plan, as directors, officers, or managers, as applicable, of New Borrower and New Borrower Parent and the appointment in such office of such individuals is consistent with the interests of Creditors and Interest Holders and with public policy. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(5).

M.      The Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation. Therefore, Bankruptcy Code section 1129(a)(6) is inapplicable.

N.      The Holders of Claims and Interests in the Impaired Classes (*i.e.*, Classes 3, 5 and 6) have voted unanimously to accept the Plan, under which they will receive property of a value, as of the Effective Date, that is not less than the amount such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

O.    All of the Impaired Classes have voted unanimously to accept the Plan in accordance with Bankruptcy Code sections 1126(c) and (d).  The Classes that are not Impaired under the Plan (*i.e.*, Classes 1, 2 and 4) are deemed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f).  Therefore, the Plan complies with the requirements of Bankruptcy Code section 1129(a)(8).

P.    The Plan appropriately provides for the treatment of Allowed Administrative Claims, Allowed Priority Tax Claims and other unclassified Priority Claims.  Therefore, the Plan satisfies the requirements of section 1129(a)(9).

Q.    All of the Impaired Classes have voted to accept the Plan.  Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10).

R.    The Plan is feasible.  Confirmation of the Plan will not likely be followed by the liquidation or the need for further financial reorganization of New Borrower, except as proposed in the Plan.  The Plan offers a reasonable prospect of success and it provides a reasonable probability that the provisions of the Plan can be performed.  Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(11).

S.    The Plan provides for the payment of all fees under 28 U.S.C. § 1930 as of the Effective Date or as they come due after such time.  Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12).

T.    There are no retiree benefits, as the term is defined in Bankruptcy Code section 1114, affected under the Plan.  Therefore, Bankruptcy Code section 1129(a)(13) is inapplicable.

U.    The Debtor is not required or obligated on any domestic support obligation. Therefore, Bankruptcy Code section 1129(a)(14) is inapplicable.

V.    The Debtor is not an individual.  Therefore, Bankruptcy Code section 1129(a)(15) is inapplicable.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

W.    The Debtor is a moneyed, business, or commercial entity.  Therefore, Bankruptcy Code section 1129(a)(16) is inapplicable.

X.    The Plan satisfies the requirements of Bankruptcy Code Section 1129(a)(8) as all Impaired Classes have voted unanimously to accept the Plan. Therefore, Bankruptcy Code section 1129(b) is inapplicable.

Y.    The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933.  No governmental unit has requested that the Bankruptcy Court deny confirmation on such basis.  Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

Z.    The Operative Documents, including, without limitation, those appearing on Exhibit "A" hereto, and other documents negotiated in connection therewith, have been negotiated in good faith, at arm's length and are in the best interests of the Debtor and New Borrower and shall be, upon completion of documentation and execution on or after the Effective Date, valid, binding and enforceable documents not in conflict with any federal or state laws.

AA.    The Backstop Investors and their attorneys, accountants and advisors have acted in good faith throughout the course of the Chapter 11 Case and the Adversary Proceeding including with respect to the solicitation of votes to accept or reject the Plan, and the Backstop Investors and their attorneys, accountants, and advisors are entitled to protection under Bankruptcy Code section 1125(e).

BB.    The issuance of New Borrower Interests, New Borrower Parent Units and Rights under the Plan in exchange for Claims and Interests complies with Bankruptcy Code Section 1145(a) and shall therefore be exempt from registration under the Securities Act of 1933.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

CC.    Pursuant to Bankruptcy Code Section 1146(a), the issuance or exchange of securities, or the making or delivery of any instrument of transfer under the Plan or in furtherance, or in connection with the Plan, including, but not limited to, any deeds, deeds of trust, assignments, collateral assignments, pledges of property or other instruments of transfer (including those with respect to the Property), shall not be subject to any stamp tax, real estate transfer tax or other similar tax.

DD.    The Bankruptcy Court's retention of jurisdiction as set forth in Section 10.1 of the Plan comports with the parameters contained in 28 U.S.C. § 157.

EE.    Notice of all proceedings regarding or relating to confirmation of the Plan, including without limitation the Confirmation Hearing, was adequate under the circumstances and complied with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

FF.    To the extent applicable, any modifications made to the Plan after the solicitation of votes on the Plan had commenced do not materially adversely change the treatment of any Holder of a Claim or Interest who had previously cast a Ballot to either accept or reject the Plan. Therefore, no further disclosure of information, solicitation of votes or voting is required.

GG.    The Backstop Investors have made a sufficient showing of cause for waiving the stay of the Confirmation Order pursuant to Bankruptcy Rule 3020(e).

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2.    The Plan satisfies all of the applicable requirements of Chapter 11 of the Bankruptcy Code.

3.    The Plan is confirmed.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

4.      The Disclosure Statement is approved on a final basis.

5.      Any objection to the Plan or Disclosure Statement not resolved by the terms of the Confirmation Order or by a statement announced on the record of the Confirmation Hearing and not otherwise withdrawn, waived, or settled, is overruled and denied.

6.      Except as otherwise provided in Bankruptcy Code section 1141(d), on and after the Confirmation Date, the provisions of the Plan shall bind any Holder of a Claim against, or Interest in, the Debtor and its successors and assigns, or in the assets of the Debtor, its successors and assigns, in the Chapter 11 Case regardless of whether the Claim or Interest of such Holder is Impaired under the Plan and whether such Holder has accepted the Plan.

7.      The Cure Amounts for the executory contracts and unexpired leases as listed in Exhibit V of the Disclosure Statement are hereby approved except with respect to the leases listed in the amended Exhibit V[13] which reflects leases that were modified or entered into post-petition (the "Post-Petition Contracts").

8.      The Post-Petition Contracts will not be subject to the Cure Bar Date because any cure necessary for assumption of such contract would give rise to an Administrative Claim. Thus, the parties to any of the Post-Petition Contracts assumed by New Borrower will receive notice of the Supplement to the Plan Supplement, as well as the Plan, Disclosure Statement and Plan Supplement, and they will have until the Administrative Claims Bar Date, which is thirty days after the Effective Date, to file a request for payment of their Administrative Claim if they believe that their Administrative Claim amount differs from the Cure Amount listed by the Backstop Investors in the amendment to Exhibit V.

---

[13] Amended Exhibit V is attached as Exhibit "1" to the Supplement to the Plan Supplement.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

9.    In addition to the contracts listed in Exhibit V, the Plan is hereby amended such that any contract not designated as an Excluded Contract pursuant to the Plan, or otherwise explicitly rejected, shall be deemed assumed by New Borrower as of the Effective Date.

10.    Pursuant to Bankruptcy Code sections 105(a), 1123(b)(3), 1129 and 1141 and Rules 3016 and 9019 of the Bankruptcy Rules, the settlements, compromises, discharges, releases, exculpations and injunctions set forth in the Plan and to be implemented with this Order, or to be extended in connection therewith, including, without limitation, the settlements, compromises, discharges, releases, exculpations and injunctions identified in Article VII of the Plan, are fair, equitable, reasonable and in the best interests of the Debtor, its Estate and Holders of Claims and Interests.  These settlements, compromises, discharges, releases, exculpations and injunctions are an integral part of the Plan and are necessary to the proposed reorganization and are hereby approved.

11.    The issuance of New Borrower Interests, New Borrower Parent Units and Rights under the Plan complies with Bankruptcy Code Section 1145(a) and shall be exempt from registration under the Securities Act of 1933.

12.    Pursuant to Bankruptcy Code section 1146(a), any transaction arising out of, contemplated by, or in any way related to the Plan , whether occurring on or after the Effective Date, including without limitation:  (i) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtor or New Borrower; (ii) the creation, modification, consolidation, or recording or filing of any mortgage (including, without limitation, the Mortgage), deed of trust, financing statement or other security interest or instrument, or the securing of additional indebtedness by such or other means; (iii) the making, assignment or recording of any lease or sublease; or (iv) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including

1  any deeds, bills of sale, assignments, or other instrument of transfer, or termination executed in

2  connection with any transaction arising out of, contemplated by, or in any way related to the

3  Plan, in each case, shall not be subject to any document recording tax, stamp tax, conveyance fee,

4  intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform

5  Commercial Code filing or recording fee, regulatory filing or recording or transfer fee, or other

6  similar tax or governmental assessment, and the appropriate federal, state or local governmental

7  officials or agents shall and are hereby directed to forego the collection of any such tax or

8  governmental assessment and to accept for filing and recordation any of the foregoing instruments

9  or other documents without the payment of any such tax, fee or governmental assessment.

10

11  13.    The Operative Documents, and any amendments, modifications, and supplements

12  thereto, and all documents and agreements related thereto (including all exhibits and attachments

13  thereto and documents referred to therein), and the execution, delivery, and performance thereof by

14  the Debtor, New Borrower, New Borrower Parent, the Backstop Investors, the First Lien Agent, the

15  First Lien Lenders, the Second Lien Agent, the Second Lien Lenders, the New Property Manager,

16  and any of their respective affiliates are authorized and approved.

17

18  14.    Without further order or authorization of the Bankruptcy Court, the Debtor, New

19  Borrower, New Borrower Parent, the Backstop Investors, the First Lien Agent, the First Lien

20  Lenders, the Second Lien Agent, the Second Lien Lenders, the New Property Manager, and any of

21  their respective affiliates are authorized and empowered to make all non-material modifications to

22  the Operative Documents that:  (i) are necessary to finalize such documents; (ii) do not adversely

23  modify Distributions to Holders entitled to a Distribution pursuant to the Plan; and (iii) are

24  consented to by the First Lien Lenders.  As set forth in the Plan and this Order, once finalized and

25  executed, the Operative Documents shall constitute legal, valid, binding and authorized

26  obligations of the respective parties thereto, enforceable in accordance with their terms (without

27

28

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

further action if such document, agreement, or instrument so provides) and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

15.     Each of the managers, officers and agents of the Debtor, New Borrower, and New Borrower Parent are hereby authorized to execute and deliver all Operative Documents (to the extent they have not already been executed and delivered),[14] and all such managers, officers or agents are hereby authorized and directed to take all necessary or appropriate steps, and perform all necessary or appropriate acts, to consummate the terms and conditions of the Plan and this Order, including, without limitation, the execution, delivery, adoption, assignment, amendment, filing, or recording, as the case may be, of any and all agreements, documents, and instruments necessary or desirable to implement the Plan and this Order and to effect any other transactions contemplated therein or thereby.

16.     On the Effective Date, all of the Liens and security interests granted by New Borrower under the New Secured Credit Agreement and Mortgage (or any related documents) shall be deemed granted by New Borrower and no further actions shall be required to perfect or evidence such Liens.  New Borrower is authorized and directed to make all filings and recordings necessary to establish and perfect such Liens and security interests under the provisions of state, federal or other law that would be applicable in the absence of this Confirmation Order and shall thereafter cooperate to make all other filings and recordings that may be requested by the holders of the loans evidence by the New Secured Credit Agreement or that otherwise would be necessary under applicable law to give notice of such Liens and security interests to third parties.

---

[14] Including without limitation all documents necessary to rename New Borrower as may be agreed to by the Backstop Investors without requiring any further corporate authorizations and notwithstanding the requirements under any applicable non-bankruptcy law.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

17.     Except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall be fully released and discharged of record, including, without limitation, as set forth in Exhibit "B" to this Confirmation Order, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to New Borrower and its successors and assigns free and clear.  Following the Effective Date, New Borrower shall be responsible for the timely payment of all fees and expenses incurred by the Debtor and its Professionals for legal, financial advisory, accounting and other services rendered after the Effective Date which are necessary to wind down and conclude the Chapter 11 Case, but limited to the extent such amounts are in the Wind Down Budget, without the necessity of any approval by the Bankruptcy Court pursuant to the following procedure.   The Professional will send its invoice to New Borrower which shall have ten (10) business days thereafter within which to notify the Professional in writing that it objects to the invoice.  If no objection is made within that time frame, New Borrower shall pay the invoice within thirty (30) days thereafter.  In the event New Borrower objects and the parties are unable to resolve the objection, the Professional may bring the matter before the Bankruptcy Court on motion for determination.

18.     The provisions of the Plan and the Confirmation Order shall not diminish or impair in any manner the enforceability and coverage of any of the Debtor's insurance policies and such policies shall remain in full force and effect and be assumed by New Borrower unless specifically rejected whether or not such policies are listed on Exhibit V to the Disclosure Statement as executory contracts.  Nothing in the Plan and these Findings and Conclusions shall

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

be deemed to constitute a rejection of any such insurance policies or related agreements relating to any insurance policies to the extent such policies and agreements exist and are executory.

19.    Subject to paragraph seventeen (17) above, payment obligations incurred after the Effective Date of the Plan:  (i) shall not be subject to application or proof of claim and (ii) shall be paid by the Debtor or New Borrower, as applicable, in the ordinary course of business and without further Bankruptcy Court approval, as Administrative Claims.

20.    All documents and agreements necessary to implement the Plan upon execution on or after the Effective Date, will constitute valid, binding, and enforceable agreements not in conflict with any federal or state laws.

21.    The Distributions and/or consideration received under the Plan by Holders of Allowed Claims and Interests, including, without limitation, that held by the Backstop Investors and the First Lien Lenders shall not be subject to avoidance, turnover or disgorgement in any subsequent insolvency proceeding by any entity.

22.    The Backstop Investors and the First Lien Lenders, and their respective professionals and advisors have acted in good faith with respect to, without limitation, the Chapter 11 Case, the Adversary Proceeding and the solicitation of votes to accept or reject Plan, and the Backstop Investors, and their respective professionals, and advisors are entitled to the protection under Bankruptcy Code section 1125(e).

23.    Within five (5) days after the Effective Date, the parties to the Adversary Proceeding shall file a joint notice of dismissal reflecting that the Adversary Proceeding has been dismissed with prejudice.

24.    The Bankruptcy Court's retention of jurisdiction as set forth in Section 11 of the Plan comports with the parameters contained in 28 U.S.C. § 157.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

25.    For good cause shown, the stay of confirmation set forth in Bankruptcy Rule 3020(e) is hereby waived.

26.    The failure specifically to include or reference any particular provision of the Plan in these Findings and Conclusions and/or Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

27.    To the extent there are inconsistencies between the Plan and the Confirmation Order, the Confirmation Order (and any other orders of the Bankruptcy Court) will control.

RESPECTFULLY SUBMITTED BY:

By:/s/ Lenard M. Parkins
NILE LEATHAM, ESQ.
Nevada Bar No. 002838
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102-3202
    -and-
LENARD M. PARKINS, ESQ. (PRO HAC VICE)
HENRY FLORES, ESQ. (PRO HAC VICE)
TREVOR R. HOFFMANN, ESQ. (PRO HAC VICE)
JONATHAN HOOK, ESQ. (PRO HAC VICE)
HAYNES AND BOONE, LLP
1221 Avenue of the Americas, 26th Floor
New York, New York 10020

Attorneys for
FIVE MILE CAPITAL POOLING
INTERNATIONAL LLC; SPECTRUM
INVESTMENT PARTNERS, L.P.;
& TRANSAMERICA LIFE INSURANCE
COMPANY
    -and-
JOSHUA J. ANGEL, ESQ. (PRO HAC VICE)
ANDREW C. GOLD, ESQ. (PRO HAC VICE)
FREDERICK E. SCHMIDT, JR., ESQ. (PRO HAC VICE)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
    -and-
LEE I. IGLODY, ESQ.
Nevada Bar No. 007757

- 17 -

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

1

**THE LAW OFFICES OF PARAS B. BARNETT, P.L.L.C.**
9555 S. Eastern Avenue, Suite 280
Las Vegas, Nevada 89123

Attorneys for
**THE HUFF ALTERNATIVE FUND, L.P.
ANDTHE HUFF ALTERNATIVE
PARALLEL FUND, L.P.**

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

# Exhibit A

1. New Secured Credit Agreement[*]

2. New Secured Notes[*]

3. Pledge Agreement[§]

4. Assignment of Agreements[§]

5. Assignment of Hotel Management Agreement[§]

6. Assignment of Property Management Agreement[§]

7. Pledge and Security Agreement (Holdings) [§]

8. Interest Payment Guaranty[*]

9. Second Lien Lenders' Release[§]

10. Mortgage[*]

11. Depository Agreement[§]

12. Other Loan Documents delivered in connection with New Secured Credit Agreement[§]

13. New Property Management Agreement[*]

14. Contribution and Indemnity Agreement[*]

15. New Borrower LLC Agreement[*]

16. New Borrower Parent LLC Agreement[*]

17. Offering Memorandum[*]

18. Subscription Agreement[*]

19. New Borrower Parent UPA[*]

20. Class 5 Rights Agreement[*]

21. Class 6 Rights Agreement[*]

---

[*] As defined in the Plan.

[§] As defined in the New Secured Credit Agreement.

## Exhibit B

1)  Deed of Trust to secure an indebtedness of $250,000,000.00 and any other amounts payable under the terms thereof:
Recorded: May 11, 2007 in Book 20070511 Document No. 0004533 of Official Records.
Dated: May 11, 2007
Trustor: METROFLAG BP, LLC, A NEVADA LIMITED LIABILITY COMPANY AND METROFLAG CABLE, LLC, A NEVADA LIMITED LIABILITY COMPANY
Trustee: FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION
Beneficiary: CREDIT SUISSE, CAYMAN ISLANDS BRANCH

The amount due, terms and conditions of the indebtedness should be determined by contacting the owner of the debt.

An Additional Advance, evidenced by Agreement dated July 6, 2007, executed by and Credit Suisse, Cayman Islands Branch, in the amount of $30,000,000.00, secured by the above referred Deed of Trust and recorded July 6, 2007 in Book 20070706 as Document No. 0004184 of Official Records.

The beneficial interest under the hereinabove stated Deed of Trust was assigned to LANDESBANK BADEN-WURTTEMBERG, NEW YORK BRANCH by Assignment recorded March 23, 2009, in Book 20090323 as Document No. 0004872, of Official Records.

2)  Financing Statement to secure an indebtedness of the amount stated herein, by METROFLAG BP, LLC, in favor of CREDIT SUISSE, CAYMAN ISLANDS BRANCH, and recorded May 11, 2007 in Book 20070511 as Document No. 0004534 of Official Records.
The above UCC has been amended by instrument recorded July 6, 2007 in Book 20070706 as Document No. 0004188 of Official Records.
The above UCC has been amended by instrument recorded October 16, 2008 in Book 20081016 as Document No. 0004639 of Official Records.
The interest of the secured party was assigned to LANDESBANK BADEN WURTTEMBERG, NEW YORK BRANCH, by Assignment recorded March 23, 2009 in Book 20090323 as Document No. 0004873 of Official Records.

3)  Deed of Trust to secure an indebtedness of $120,000,000.00 and any other amounts payable under the terms thereof:
Recorded: May 11, 2007 in Book 20070511 Document No. 0004536 of Official Records.
Dated: May 11, 2007
Trustor:
Trustee: First American Title Insurance Company, a California corporation
Beneficiary: Credit Suisse, Cayman Islands Branch

The amount due, terms and conditions of the indebtedness should be determined by contacting the owner of the debt.

An Additional Advance, evidenced by Agreement dated July 6, 2007, executed by and Credit Suisse, Cayman Islands Branch, in the amount of $75,000,000.00, secured by the above referred Deed of Trust and recorded July 6, 2007 in Book 20070706 as Document No. 0004185 of Official Records.

4)  Financing Statement to secure an indebtedness of the amount stated herein, by METROFLAG CABLE, LLC, in favor of CREDIT SUISSE, CAYMAN ISLANDS BRANCH, and recorded May 11, 2007 in Book 20070511 as Document No. 0004538 of Official Records.
The above UCC has been amended by instrument recorded July 6, 2007 in Book 20070706 as Document No. 0004189 of Official Records.
The above UCC has been amended by instrument recorded October 16, 2008 in Book 20081016 as Document No. 0004638 of Official Records.
The interest of the secured party was assigned to LANDESBANK BADEN WURTTEMBERG, NEW YORK BRANCH, by Assignment recorded March 23, 2009 in Book 20090323 as Document No. 0004874 of Official Records.